Lewis, J.
delivered the opinion of the court. This prosecution appears to be a hard one against the defendant. ^Having paid for a license, and two magistrates having considered him properly qualified for an innholder, we are at a loss to discover the motive of it. On the argument, I thought the law with the defendant, on all the points raised; and could my opinion be controlled by *348 my wishes, I should think so still. But on reflection and examination, we all believe the charge to be incorrect in one important particular, and the verdict of course wrong. The point to which I allude is the protection set up under the license of the 3d of May, which we do not consider such, as the act requires. Two questions arise : 1. Is the license a legal one? 2. If not, is the defendant nevertheless protected by it ? By the second clause of the act, the authority is given to the supervisor and any two justices; and by the proviso to the same clause, no license is to be granted unless three commissioners shall be present at the granting thereof. Now it is stated in the case, that White and Ball retired from the room where the supervisor was, and signed and delivered the license, &c. Three commissioners then were not present at this part of the ceremony, and it does not appear that even a majority, when the three were together, granted, or even agreed to grant a license ; so that the act has in no way been complied with.(a)
Another objection is, that Ball does not appear, from the case, to have been legally a commissioner of excise for that year. For the jurisdiction is vested in the supervisor and any two justices ; and of course, though every justice resident within the town, might, perhaps, have attended the first meeting; yet as White and Waters only did attend with the supervisor, the jurisdiction attached exclusively to them. (4 Term Rep. 451.)
One further objection occurs: It is at least a question whether any jurisdiction of excise vests in the justices, until noticed by, and associated with, the supervisor. This is certainly the case, where, for default of resident justices, others are to be resorted to. Now it does not *ap~ pear that Ball resided within the town, or was ever *349 notified by, and associated with, the supervisor; and the presumption is against it from his not having attended the first meeting. If either of these reasons be sound, the license set up as a justification, is illegal, from a want of authority to grant it; and the only remaining question is, whether it was, notwithstanding, a competent defence to the defendant. If the objection to it rested" on the ground of irregularity alone, its incompetence might be doubted ; but it goes to a want of a jurisdiction or power to grant in the justices who signed it; and the defendant is certainly liable to the penally, if his license is not derived from the competent authority. He knew all the circumstances, and the precise situation in which the two magistrates who signed the license stood ; and he is bound to know that his license is derived from a pure and legal source, before he acts under it; at least, there ought to be strong color of right on his side. In the case of Calcraft v. Gibbs, (5 Term Rep. 19,) on a penalty under the game laws, a verdict for the defendants was set aside, on the principle that the power of appointing a gamekeeper is inseparable from a manor; though it was shown by Gibbs that he was appointed gamekeeper by Roebuck, who had purchased an estate.in the manor, and had stipulated for the deputation with the plaintiff, who was lord of the manor.(b)
We are; therefore, of opinion, that the verdict must he set aside, and a new trial awarded ; but that on such trial no testimony of any fotfeitnre previous to the meeting of tbé commissioners on the 8th of April be admitted; for public inns being for the public convenience} a traveller is not to be barred the necessary refreshments they afford from the neglect of public officers.
New trial granted.

(a.) Where a public act is to be done by commissioners appointed under a statute, and a competent number have met and conferred, though they separate, and then a majority do the act, without the presence of the other, the act seems good in construction of law, though it is otherwise where there is a positive statute or charter requiring that a full board should be present at the consummation. (See an elaborate examination of this subject by the late Mr. Justice Cowen, 7 Coweu’s Rep. 530, n. (a) to Ex parte Rogers.)

(b) In Goff v. Fowler, (3 Pickering, 300,) an action of debt was brought for penalties alleged to have been Incurred by the defendant under the statute qf 1786, eh. 68, regulating licensed houses. It appeared that the defendant was licensed as an innholder, but th6 plaintiff insisted that the license was void, because the certificate of the selectmen of Rehoboth did not conform to the statute, (§ 2,) but merely recommended the defendant “ as being a suita? ble person to receive a license.” Upon these facts, Chief Justice Parker observes :—“ The objection to the license on the ground that the certificate of the selectmen was not conformable to the statute, we think ought not to prevail. The act of the court of sessions, in granting the license, is, we think, conclusive, and ought not to be vacated on account of the informality of anterior proceedings. It is the duty of that court to inspect such certificates and adjudicate thereon, and they are the proper judges of their sufficiency. It would be laying a snare for persons who obtain a license and pay the excise thereon, to leave them subject to prosecution for keeping an inn without license, by allowing any informer to unravel the proceedings of the court in order to detect some irregularity therein.” In Commonwealth v. Bolkom, (3 Pickering, 281,) the attorney general o.ffered in evidence a book purporting to be the book of records of the court of sessions of the county of Bristol, and kept by the clerk of that court, in which, under the head of “ Licenses, September term, 1823,” was entered the name of the defendant, with the names of his sureties in the recognizance required by law. The defendant objected to this evidence, until it were proved by record evidence or otherwise, that tb'6 defendant had previously been approved of by thé selectmen, of upon their unreasonable refusal to give their approbation, had made application for a license. The objection was overruled, and upon a consideration of the question by the court, they say: — “ It is objected that it does riot appear that the judges proceeded upon a certificate of the selectmen, &c. It was not necessary that it shubld appear upon the record itself, and as in many other cases of limited jurisdiction, it is to be presumed, since the judges have granted the license, that they had proper evidence before them.”
But although mere irregularities, not affecting the jurisdiction of the hoard or officer granting tbe license, will not invalidate it, yet the act of licensing must be regular in itself. Indeed this seems essential to tbé jurisdiction of the board or officer, for a jurisdiction to grant one kind of license is not a jurisdiction to grant another. In Lawrence v. Gracy, (11 Johnson, 179,) the defendant was sued under the act of 7th April, 1801, (1 Rev. L. 176,) for retailing spirituous liquors without licénse, and he proved, in justification, that he paid the supervisor of the town six dollars for the lic'énse, and that the license ot permission to sell liquor was by parol. Upon this the court held, that “ the statute requires the license to be in writing, under the hand and seal of the respective commissioners authorized to grant the same. The clause under which this suit is brought declares, that if any person shall sell by retail, any strong or spirituous liquors, without havirig such license as aforesaid, &c. hé shall forfeit the sum of twenty-five dollars. The license proved by the defendant was not such a one as the act requires. The evidence of a parol license ought not, therefore, to have been received, and could not amount to an authority to sell liquors.”
In Furman v. Knapp, (19 Johnson, 248,) it was proved that the defendant had been duly licensed to sell liquor by the mayor of the city of New York, but that he had not taken out a license from the commissioner of excise, which he was required to do upder the act, (1 Rev. L. 176,) and the court held, that inasmuch as the charter of the city of New York requires a license from the mayor, and,the statute requires a license from the commissioner also, the defendant should have obtained both. (See Stokes v. Prescott, 4 B. Munroe, 3T. Godfrey v. The State, 5 Blackf. 151. Alger v. Weston, 14 Johnson, 231, Barnes v. Commonwealth, 2 Dana, 388.)